**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA and PRESIDIO TRUST,<br><br>Petitioners - Appellees,<br><br>v.<br><br>SF GREEN CLEAN, LLC, and WILLIAM ALBER,<br><br>Respondents - Appellants. | Nos. 14-16588<br>15-15254<br><br>D.C. No. 4:14-cv-01905-JSW<br><br>MEMORANDUM[*] |

Appeals from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted July 20, 2016
San Francisco, California

Before: GRABER and TALLMAN, Circuit Judges and RAKOFF,[**] Senior District Judge.

SF Green Clean appeals the district court's decisions confirming an

arbitration award; dismissing SF Green Clean's counterclaims; granting a writ of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

possession to the Presidio Trust; and denying SF Green Clean's motion to quash this writ. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's decisions *de novo*. *See Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009).

**1.** SF Green Clean first claims that the district court erred in confirming an arbitration award rendered against it by an arbitrator acting under the auspices of the American Arbitration Association. The arbitrator, among other decisions, awarded the Trust possession over the disputed premises and required SF Green Clean to pay the Trust's attorneys' fees incurred in the arbitration. SF Green Clean argues, among other contentions, that it did not have the opportunity to participate in the selection of the arbitrator as required by the Administrative Dispute Resolution Act, 5 U.S.C. § 577. However, SF Green Clean had an opportunity to participate in the selection of the arbitrator by choosing to sign a lease that set out the way in which the arbitrator would be selected. Because SF Green Clean has not presented adequate grounds for vacating an arbitration award under the Federal Arbitration Act, 9 U.S.C. § 10, or other authority, we also reject SF Green Clean's other objections to confirmation of the arbitration award.

**2.** SF Green Clean next argues that the district court erred in dismissing SF Green Clean's counterclaims as untimely defenses to the arbitration award. We

2

agree with SF Green Clean that not all of these counterclaims should have been dismissed as untimely defenses to the arbitration award, because the arbitrator, pursuant to SF Green Clean's lease, was not empowered to award damages, which some of the counterclaims sought. However, with the exception of SF Green Clean's counterclaim for breach of the lease, we affirm the district court's dismissal of SF Green Clean's counterclaims on alternative grounds, notably those stated in the district court's decision dismissing most of SF Green Clean's claims in a related case, 14-cv-4615, and in the Trust's brief on appeal. As to SF Green Clean's counterclaim for breach of the lease, we deny this claim as moot, because a substantially similar claim is already being addressed in the related district court case, 14-cv-4615.

**3.** SF Green Clean next contends that the district court erred in granting a writ of possession to the Trust. We reject SF Green Clean's argument because, as noted above, the arbitration award was not rendered unlawfully.

**4.** Finally, SF Green Clean argues that the district court erred in denying SF Green Clean's motion to quash the writ of possession. We reject SF Green Clean's appeal of this decision as moot.

**AFFIRMED.**

3